## Shuemaker v. Nissley, Appellant.

*Vendor and vendee—Purchase of land subject to option.*

Where a person purchases real estate under articles knowing that a committee of a proposed street railway company has an option upon it of which he knows the terms, and of which he is to have the benefit, he cannot refuse to pay the whole amount of the purchase money when a proper deed is tendered to him, unless he can show that the vendor had covenanted to compel the holder of the option to exercise it, or

that the vendor had received some benefit on account of the option to which the purchaser was entitled. In such a case the mere fact that the option had not been exercised is not sufficient to entitle the purchaser to a deduction on account of the purchase money.

Argued May 19, 1909. Appeal, No. 156, Jan. T., 1909, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1907, No. 90, on verdict for plaintiffs in case of Christian H. Shuemaker et al., Executors of the Will of Christian Shuemaker, deceased, v. Eli L. Nissley. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover the purchase money of real estate.

At the trial the jury returned a verdict of $2,325.45, on which judgment was entered.

On a rule for judgment for defendant n. o. v., HASSLER, J., stated the facts to be as follows:

The material facts are that the defendant on September 20, 1906, purchased a tract of land from the plaintiffs, at public sale, known as tract No. 2. The conditions of sale provided that the purchaser should sign an agreement, with approved security, immediately after the property was struck off, for the payment of the purchase money on April 1, 1907, and for faithful compliance with the conditions of sale. This the defendant did. It was stipulated in the conditions of sale that "the purchaser of tract No. 2 gets the benefit of the option thereon." Notice of what this option was was given at the sale, and at the trial it was shown to be the right of a proposed street railway company to purchase a strip of land along one side of the said tract, thirty feet wide, upon which to lay its track, for the sum of $1,000. The option was held by a committee of a proposed street railway company, who entered into an agreement with the plaintiffs, after the sale of the land to the defendant. Just what the agreement contained was not shown, and it was not produced at the trial. It does not appear that the plaintiffs received any money or other benefit from the option when the agreement was made, or at any other time. Nor does it appear that any benefit is to arise from that agreement, or that it contained anything that in any way

would affect the purchaser's title or right to the land in question. The company for which the said committee was acting did not build their road and did not take the land. Another company, which it did not appear had any connection with the committee's company, or had acquired any of its rights, did, after the defendant was in possession of it under his agreement, take a portion of land under the right of eminent domain, and gave a bond to secure the defendant for any damage he might sustain by reason of such taking, to the sufficiency of which the defendant excepted. His exceptions were dismissed by the court after a hearing in which he took part. The defendant took possession of the land soon after the sale of it to him, and has continued in possession of it since, farming it and gathering the crops. On April 1, 1907, the plaintiffs tendered the defendant a deed, and upon his refusal to pay the purchase money, brought this suit to recover it.

*Error assigned* was in discharging rule for judgment for defendant non obstante veredicto.

*C. E. Montgomery*, for appellant.

*N. M. Hollowbush, W. C. Rehm* and *W. U. Hensel*, for appellees.

OPINION BY MR. JUSTICE ELKIN, June 22, 1909:

That appellant has been disappointed by failure to receive any benefit from the outstanding option on a strip of the land purchased is apparent. Expectations not realized are not a sufficient defense to an action based upon an express covenant to pay a specific sum of money on the delivery of a deed for the tract of land purchased at a bona fide sale after public notice. It is true one of the conditions of sale was that the purchaser of purpart number two was to get "the benefit of the option thereon," but just what that benefit was, upon what conditions the option could or would be exercised, and if exercised, whether the consideration should be deducted from the purchase price or be paid by the street railway company direct to the purchaser, are all matters of conjecture about which noth-

ing definite was written into the agreement between the parties. Appellant did sign an agreement in writing in which it was stipulated that he had purchased purparts numbers two and three for a specific sum and that he and his surety would be responsible for the payment of the purchase money in compliance with the conditions of sale. The deed was delivered and purchase money paid for purpart number three. This action is to recover the purchase money for purpart number two, with the accrued interest thereon, no part of which has been paid. On April 1, 1907, appellant took possession under his agreement and has held the same from that time to the present. The defense set up is not entirely clear. If the option had been exercised and the consideration therefor had been paid, only $1,000 would have inured to the benefit of appellant and he would still be indebted for the balance of the purchase money. But the option was not exercised and no one received any benefit from it. The proposed street railway was never constructed and the strip of land under option for right of way purposes still remains the property of appellant. The appellees did not covenant to compel the street railway company to exercise the option, and, taking the most favorable view for appellant, the most that can be said is that if the option had been exercised while the appellees held title, appellant should have the benefit of the amount received on account of the option by way of reduction on the purchase price agreed to be paid. If, however, for any reason, it should not be exercised until appellant took title, the benefit would accrue to him direct from the street railway company. We fully concur in the views of the learned trial judge as to the burden of proof. The plaintiffs made out a prima facie case for their whole claim by offering in evidence a deed showing title, letters testamentary, written contract and conditions of sale, deed executed and tendered, and by introducing testimony showing that appellant had been in continuous possession of purpart number two and had refused payment upon demand made. If the defendant had any set-off or other defense the burden was on him to make it out by affirmative testimony. In this he entirely failed. He did not show that the option had been

exercised or that any benefit had accrued to appellees or to any-one else by reason of it. He did not show that the option had ever been exercised, or that failure to exercise it was the fault of appellees, or what damage, if any, was suffered by failure of the street railway company to exercise it. Clearly, under these circumstances the case was properly disposed of by the learned court below. The argument dwelt upon here about a different street railway company having appropriated another portion of the land under the right of eminent domain has nothing to do with the parties to this action. Whatever damage has resulted by the appropriation of the property of appellant must be paid by the company exercising the right and appropriating the land for its use.

Judgment affirmed.